The Hanchulak Law Offices, P.C.
By: Gerald J. Hanchulak, Attorney I.D. 56320
604 South State Street
Clarks Summit, PA 18411
Phone: (570) 319-6642

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHUN YING LIN | **ELECTRONICALLY FILED** |
| | |
| | CIVIL ACTON LAW |
| Plaintiff | Jury Trial Demanded |
| | |
| vs. | NO.: |
| | |
| ONE COCO NAILS & SPA INC. | |
| | |
| Defendant | |

# COMPLAINT

AND NOW, come the Plaintiff's, above named, by and through their attorneys, The Hanchulak Law Offices, P.C., and files the following Complaint:

1. The Plaintiff Chun Ying Lin, brings this action to enjoin the Defendant, One Coco Nails & Spa Inc., from further violating the provisions of Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("the Act"), the Pennsylvania Wage Payment

1

and Collection Law 43 Pa. C.S. § 260.1 (WPCL), the Pennsylvania Minimum Wage Act of 1968, as amended in 2006 and for wrongful termination in retaliation for the mistaken belief that plaintiff reported possible human trafficking and for a judgment against the Defendant in the total amount of back wage compensation found by the Court to be due pursuant to the both Federal and Pennsylvania law, and an equal amount due in liquidated damages, as well as any and all damages available under State and/or Federal law.

2. The Plaintiff Chun Ying Lin was at all times relevant hereto an employee of the Defendant as defined by the Act.

3. The Plaintiff Chun Ying Lin is an adult and competent individual residing at 1143 Northern Boulevard, South Abington Township, PA 18411.

4. The Defendant, One Coco Nails & Spa, Inc., is an employer as defined by the Act, with offices located at 100 Old Lackawanna Trail, Ste. 9, Clarks Summit, PA 18411.

## JURISDICTION AND VENUE

5. Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

6. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

7.  Venue in the Middle District is proper pursuant to 28 U.S.C. § 1391(b), as the events or omissions giving rise to the claims occurred in the Middle District and the Defendant can be served in the Middle District.

## FACTS

8.  From April 10, 2019 through December 28, 2019, the Plaintiff worked as a licensed cosmetologist in the employ of the Defendant at 100 Old Lackawanna Trail, Ste. 9, Clarks Summit, PA 18411.

9.  During the above time period, Plaintiff worked 60 hours for Defendant every week.

10. From April 10, 2019 to October 2019 Defendant paid Plaintiff in cash and did not issue any sort of paystub.

11. From October of 2019 through December 2019 Defendant paid Plaintiff with corporate checks but did not issue any paystubs.

12. From April 10, 2019 through December 28, 2019, Plaintiff's rate of pay was $2.89.

13. At no time did Defendant pay Plaintiff the required minimum wage.

14. Any and all customer tips were taken by management. The Plaintiff did not receive tips.

15. At no time did Defendant pay Plaintiff overtime wages for hours

worked over 40 in a given week, although Plaintiff worked 60 hours every week.

    16.    Defendant did not timely issue Plaintiff a W-2.

    17.    It is believed and therefore averred that the Defendant did not at any time keep records which recorded Plaintiff's:

    a.    Full name and social security number;

    b.    Full and complete address;

    c.    Sex and occupation;

    d.    Time and day of the week when her workweek began and ended;

    e.    Hours worked each day;

    f.    Total hours worked each workweek;

    g.    Basis on which plaintiff was being paid (e.g., hourly, weekly, piecework);

    h.    Regular hourly rate of pay;

    i.    Total daily or weekly straight-time earnings;

    j.    Total overtime earnings for the workweek;

    k.    Additions to or deductions from her wages;

    l.    Total wages paid each pay period; and

    m.    Date of payment and the pay period covered by the payment.

18.     The Plaintiff's employment was terminated by Defendant on December 28, 2019.

19.     The Plaintiff's employment was terminated because Defendant believed Plaintiff reported Defendant to the authorities for alleged human trafficking.

## Count I

### Fair Labor Standards Act (FLSA) Violations

20.     Plaintiff incorporates herein by reference paragraphs 1 through 19 above as if the same were set forth fully herein and at length.

21.     At all relevant times, Defendant has been and continues to be an employer within the meaning of the FLSA.

22.     Defendant's failure to pay Plaintiff Minimum wage is a violation of 29 U.S.C. § 206.

23.     Defendant's failure to pay plaintiff overtime compensation at a rate of not less than one and one-half times the employees' regular rate, which must be at least minimum wage, for hours performed beyond the 40-hour workweek is a violation of 29 U.S.C. § 207.

24.     The Defendant willfully violated the FLSA in failing to pay minimum and overtime wages. See 29 U.S.C. § 255(a).

25. The Defendant knew or should have known that the Plaintiff was entitled to both minimum wages and overtime wages.

26. Defendant further willfully violated the Act by failing to make, keep, and preserve adequate and accurate records of their employees work as prescribed by the regulations issued and found at 29 C.F.R. Part 516 et seq.

27. Due to the Defendant's FLSA violations, Plaintiff, is entitled to recover from Defendant, unpaid wages and overtime compensation, as well as, an additional amount equal as liquidated damages, reasonable attorneys' fees, and cost and disbursements of the action, pursuant to 29 U.S.C. § 216(b).

Wherefore, the Plaintiffs respectfully request this court enter judgment against the Defendant providing the following relief:

(1) Permanently enjoining and restraining Defendant, its officers, agents, servants and employees from violating the Fair Labor Standards Act; and

(2) Enter judgment finding Defendant liable for unpaid minimum wages and unpaid overtime due Plaintiff, and for an equal amount due to Plaintiffs in liquidated damages; and

(3) Enter judgment providing any and all remedies available at law and in the form of injunctive relief pursuant Federal law, including but not limited to payment of unpaid wages, overtime and benefits, liquated damages, treble

damages, emotional distress, attorneys fees, costs, pre and post judgment interest, delay damages, punitive damages, and all other such legal and equitable relief allowable at law.

## Count II

**Pennsylvania Wage Payment and Collection Law (WPCL) Violations**

28. Plaintiff's incorporate herein by reference paragraphs 1 through 27 above as if the same were set forth fully herein and at length.

29. At all relevant times, Defendant has been and continues to be, an employer within the meaning of the WPCL.

30. Defendant's failure to pay Plaintiff minimum wage for all hours worked, and to not pay overtime compensation at a rate of not less than one and one-half times the employees' regular rate, which must be at least minimum wage, for hours performed beyond the 40-hour workweek is a violation of the WPCL.

31. The Defendant failed to keep records as required by section 8 of the WPCL.

32. Due to the Defendant's WPCL violations, Plaintiff is entitled to recover from Defendant, her unpaid overtime compensation, an additional amount as liquidated damages, reasonable attorneys' fees, and cost and disbursements of the action.

Wherefore, the Plaintiffs respectfully request this court enter judgment against the Defendant providing the following relief:

(1) Permanently enjoining and restraining Defendant, its officers, agents, servants and employees from violating the Pennsylvania Wage Payment and Collection Law; and

(2) Enter judgment finding Defendant liable for unpaid minimum wages and unpaid overtime due Plaintiff, and for an equal amount due to Plaintiffs in liquidated damages; and

(3) Enter judgment providing any and all remedies available at law and in the form of injunctive relief pursuant to State law, including but not limited to payment of unpaid wages, overtime and benefits, liquated damages, treble damages, emotional distress, attorneys fees, costs, pre and post judgment interest, delay damages, punitive damages, and all other such legal and equitable relief allowable at law.

## Count III

**Pennsylvania Minimum Wage Act (MWA), as amended 2006**

33. Plaintiff's incorporate herein by reference paragraphs 1 through 32 above as if the same were set forth fully herein and at length.

34. At all relevant times, Defendant has been and continues to be, an

employer within the meaning of the MWA.

35. Defendant's failure to pay Plaintiff minimum wage for all hours worked is a violation of the MWA.

36. Due to the Defendant's MVA violations, Plaintiff is entitled to recover from Defendant, her unpaid compensation, an additional amount as liquidated damages, reasonable attorneys' fees, and cost and disbursements of the action.

Wherefore, the Plaintiffs respectfully request this court enter judgment against the Defendant providing the following relief:

(1) Permanently enjoining and restraining Defendant, its officers, agents, servants and employees from violating Pennsylvania Minimum Wage Act; and

(2) Enter judgment finding Defendant liable for unpaid minimum wages and for an equal amount due to Plaintiffs in liquidated damages; and

(3) Enter judgment providing any and all remedies available at law and in the form of injunctive relief pursuant to State law, including but not limited to payment of unpaid wages, overtime and benefits, liquated damages, treble damages, emotional distress, attorneys fees, costs, pre and post judgment interest, delay damages, punitive damages, and all other such legal and equitable relief allowable at law.

## Count IV

## Wrongful Termination

37. Plaintiff incorporates herein by reference paragraphs 1 through 36 above as if the same were set forth fully herein and at length.

38. The Defendant is a Pennsylvania employer.

39. Plaintiff's termination was in retaliation for the Plaintiffs perceived exercise of her legal right to report a crime.

40. The reporting of serious crimes, such as human trafficking, constitutes a clear mandate of public policy.

41. Retaliation against an employee for reporting serious crimes, such as human trafficking, is obviously against the public health, safety, morals and welfare, that society holds a virtually unanimous view of its importance.

42. Although the Plaintiff was an at-will employee, the employer's privilege under the at-will employment doctrine to dismiss an employee for any reason or for no reason at all, is not absolute.

43. When an employee is discharged in a retaliatory manner for exercising her rights under the law and that law constitutes a clear mandate of public policy, an exception to the at-will doctrine is created and the employee may sue for wrongful discharge.

44. The Defendant's conduct in terminating Plaintiff in retaliation for reporting serious crimes, such as human trafficking was purposeful, willful, self-interested, wanton and outrageous.

45. It is necessary that the Plaintiff in this matter seek punitive damages to protect herself and others from termination for exercising their rights and doing their civic duty in reporting serious crimes, such as human trafficking.

WHEREFORE, the plaintiff demands judgment in her favor for past-lost wages, future-lost wages, loss of benefits, compensatory damages allowable at law, attorney's fees, cost, expenses, pre and post-judgment interest, delay damages and punitive damages.

Respectfully submitted,

The Hanchulak Law Offices, P.C.

By:   s/Gerald J. Hanchulak
     Gerald J. Hanchulak, Esq.
     Attorney ID # 56320
     Attorney for Plaintiff

604 South State Street
Clarks Summit, PA 18411
570-319-6642