THE SLOCUM FIRM, P.C.
BY:    Matthew Slocum, Esquire
        Arianne Slocum, Esquire
Attorney I.D. No. 89780/93243                    Attorneys for Defendant
600 Jefferson Avenue
Scranton, Pennsylvania 18510
570.209.7376/570.614.2147
(telefax)

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHUN YING LIN, | : | |
| Plaintiff | : | ELECTRONICALLY FILED |
| | : | |
| vs. | : | CIVIL ACTION – LAW |
| | : | (Judge Jennifer P. Wilson) |
| ONE COCO NAILS & SPA, INC. | : | |
| Defendant | : | NO.: 3:20-CV-01509 |
| | : | |
| | : | **JURY TRIAL DEMANDED** |

Defendant, One Coco Nails & Spa, by and through the undersigned counsel, answers the allegations in Plaintiff's Complaint (Dkt. 1) as follows (the numbered paragraphs in this answer are intended to correspond directly with the numbers in Plaintiff's Complaint):

### COMPLAINT

(To the extent this heading calls for answer, Defendant One Coco Nails & Spa, Inc. (hereinafter "Defendant Coco") denies the same).

1.   This paragraph calls for a legal conclusion, therefore Defendant Coco refers to the Court and denies the same.

2.   This paragraph calls for a legal conclusion, therefore Defendant Coco refers to the Court and denies the same.

3.   Denied. 1143 Northern Boulevard, South Abington Township, PA 18411 is the address for the UPS store.  Upon information and belief, at all times relevant hereto, Plaintiff maintains and resides an address in New York in order to collect welfare, namely, 6010 8th Avenue,

1

Brooklyn, New York, 11220.  See, Exhibit A.  By way of further answer, while employed at Defendant Coco, Plaintiff stayed rent-free at 322 Sheridan Avenue, Clarks Summit, Pennsylvania, 18411, a property owned and maintained by Defendant Coco.

4.  To the extent that this paragraph calls for a legal conclusion, Defendant Coco refers to the Court and denies the same.  By way of further answer, Defendant Coco is located at 100 Old Lackawanna Trail, Suite 9, Clarks Summit, Pennsylvania, 18411.

<u>JURISDICTION AND VENUE</u>

(To the extent this heading calls for an answer, Defendant Coco denies the same).

5.  This paragraph of Plaintiff's Complaint calls for a legal conclusion, therefore Defendant Coco refers to the Court and denies the same.

6.  This paragraph of Plaintiff's Complaint calls for a legal conclusion, therefore Defendant Coco refers to the Court and denies the same.

7.  This paragraph of Plaintiff's Complaint calls for a legal conclusion, therefore Defendant Coco refers to the Court and denies the same.

<u>FACTS</u>

(To the extent this heading calls for an answer, Defendant Coco denies the same).

8.  Defendant Coco admits that from on or around April 10, 2019 through December 28, 2019, Plaintiff Chun Ying Lin (hereinafter "Plaintiff") was employed by Defendant Coco at 100 Old Lackawanna Trail, Suite 9, Clarks Summit, Pennsylvania, 18411.  By way of further answer, Plaintiff was also employed by Defendant Coco from February 2016 through August 2017.  To the extent this paragraph of Plaintiff's Complaint alleges anything further or differently, Defendant Coco denies the same.

9.  Denied as stated.  By way of further answer, Defendant Coco's employees work hours

are 9:00 am until 7:00 pm five (5) or six (6) days per week.

10. Denied as stated.  By way of further answer, Plaintiff requested to be paid in cash because upon information and belief Plaintiff was receiving welfare benefits from the state of New York and did not want to lose her welfare assistance.

11. Denied as stated.

12. Denied.  By way of further answer, it was Plaintiff who requested to be paid in the amount of Two Dollars and Eighty-Nine Cents ($2.89) per hour on her W-2 so that she could continue to take advantage of the New York welfare system.  By way of further answer, Plaintiff worked at Defendant Coco from February 2016 through August 2017 earning a wage of Eighty Dollars ($80.00) per day, together with a Thirty Dollar ($30.00) commission and any and all tips she made.  After working at Defendant Coco for three (3) months, her daily wage was increased to Ninety Dollars ($90.00), together with commission and any and all tips she made.  Plaintiff quit in August of 2017.  When Plaintiff returned to Defendant Coco in or around May of 2019, Plaintiff's daily wage was increased to One Hundred Dollars ($100.00), together with a commission and any and all tips Plaintiff made.  By way of further answer, at all times relevant hereto the owner of Defendant Coco provided free housing for Plaintiff at 322 Sheridan Avenue, Clarks Summit, Pennsylvania, 18411.

13. Denied.  By way of further answer, it was Plaintiff who requested to be paid in the amount of Two Dollars and Eighty-Nine Cents ($2.89) per hour on her W-2 so that she could continue to take advantage of the New York welfare system.  By way of further answer, Plaintiff worked at Defendant Coco from February 2016 through August 2017 earning a wage of Eighty Dollars ($80.00) per day, together with a Thirty Dollar ($30.00) commission and any and all tips she made.  After working at Defendant Coco for three (3) months, her daily wage was increased

to Ninety Dollars ($90.00), together with commission and any and all tips she made.  Plaintiff quit

in August of 2017.  In or around April of 2019, Plaintiff contacted her aunt who works at Defendant

Coco and who still works at Defendant Coco looking to get her job back.  At that time, Plaintiff's

daily wage was increased to One Hundred Dollars ($100.00), together with a commission and any

and all tips Plaintiff made[1].  By way of further answer, at all times relevant hereto the owner of

Defendant Coco provided free housing for Plaintiff at 322 Sheridan Avenue, Clarks Summit,

Pennsylvania, 18411.

14. Denied.  By way of further answer, Defendant Coco offered a fifteen percent (15%)

guaranteed tip for service for its employees who were not tipped by a customer.  Tips were

typically exchanged directly between each customer and employee.

15. Denied.

16. Denied.

17. Denied.

18. Denied.  By way of further answer, Plaintiff voluntarily quit her employment.

19. Denied.  By way of further answer, Plaintiff voluntarily quit her employment.

COUNT I
Fair Labor Standards Act (FLSA) Violations

(This heading calls for a legal conclusion and therefore Defendant Coco refers to the Court

and denies the same).

20. Defendant Coco incorporates and re-alleges each and every response contained herein.

21. This paragraph of Plaintiff's Complaint appears to not contain any factual assertions to

which a response is required.  To the extent a response is required, this paragraph of Plaintiff's

---

[1] This offer and acceptance is confirmed in text exchanges between Plaintiff and the owner of Defendant Coco and
will be produced pursuant to Defendant's Initial Disclosures.

Complaint calls for a legal conclusion, therefore Defendant Coco refers to the Court and denies the same.

22. This paragraph of Plaintiff's Complaint appears to not contain any factual assertions to which a response is required.  To the extent a response is required, this paragraph of Plaintiff's Complaint calls for a legal conclusion, therefore Defendant Coco refers to the Court and denies the same.

23. This paragraph of Plaintiff's Complaint appears to not contain any factual assertions to which a response is required.  To the extent a response is required, this paragraph of Plaintiff's Complaint calls for a legal conclusion, therefore Defendant Coco refers to the Court and denies the same.

24. This paragraph of Plaintiff's Complaint appears to not contain any factual assertions to which a response is required.  To the extent a response is required, this paragraph of Plaintiff's Complaint calls for a legal conclusion, therefore Defendant Coco refers to the Court and denies the same.

25. This paragraph of Plaintiff's Complaint appears to not contain any factual assertions to which a response is required.  To the extent a response is required, this paragraph of Plaintiff's Complaint calls for a legal conclusion,  therefore Defendant Coco refers to the Court and denies the same.

26. This paragraph of Plaintiff's Complaint appears to not contain any factual assertions to which a response is required.  To the extent a response is required, this paragraph of Plaintiff's Complaint calls for a legal conclusion, therefore Defendant Coco refers to the Court and denies the same.

27. This paragraph of Plaintiff's Complaint appears to not contain any factual assertions to

which a response is required.  To the extent a response is required, this paragraph of Plaintiff's Complaint calls for a legal conclusion,  therefore Defendant Coco refers to the Court and denies the same.

In the paragraph beginning "Wherefore", this paragraph contains allegations against Defendant Coco denies that Plaintiff is entitled to any of the relief requested.

COUNT II
Pennsylvania Wage Payment and Collection Law (WPCL) Violations

(This heading calls for a legal conclusion and therefore Defendant Coco refers to the Court and denies the same).

28. Defendant Coco incorporates and re-alleges each and every response contained herein.

29. This paragraph of Plaintiff's Complaint appears to not contain any factual assertions to which a response is required.  To the extent a response is required, this paragraph of Plaintiff's Complaint calls for a legal conclusion, therefore Defendant Coco refers to the Court and denies the same.

30. This paragraph of Plaintiff's Complaint appears to not contain any factual assertions to which a response is required.  To the extent a response is required, this paragraph of Plaintiff's Complaint calls for a legal conclusion, therefore Defendant Coco refers to the Court and denies the same.

31. This paragraph of Plaintiff's Complaint appears to not contain any factual assertions to which a response is required.  To the extent a response is required, this paragraph of Plaintiff's Complaint calls for a legal conclusion,  therefore Defendant Coco refers to the Court and denies the same.

32. This paragraph of Plaintiff's Complaint appears to not contain any factual assertions to which a response is required.  To the extent a response is required, this paragraph of Plaintiff's

Complaint calls for a legal conclusion, therefore Defendant Coco refers to the Court and denies the same.

In the paragraph beginning "Wherefore", this paragraph contains allegations against Defendant Coco denies that Plaintiff is entitled to any of the relief requested.

COUNT III
Pennsylvania Minimum Wage Act (MWA), as amended 2006)

(This heading calls for a legal conclusion and therefore Defendant Coco refers to the Court and denies the same).

33. Defendant Coco incorporates and re-alleges each and every response contained herein.

34. This paragraph of Plaintiff's Complaint appears to not contain any factual assertions to which a response is required. To the extent a response is required, this paragraph of Plaintiff's Complaint calls for a legal conclusion, therefore Defendant Coco refers to the Court and denies the same.

35. This paragraph of Plaintiff's Complaint appears to not contain any factual assertions to which a response is required. To the extent a response is required, this paragraph of Plaintiff's Complaint calls for a legal conclusion, therefore Defendant Coco refers to the Court and denies the same.

36. This paragraph of Plaintiff's Complaint appears to not contain any factual assertions to which a response is required. To the extent a response is required, this paragraph of Plaintiff's Complaint calls for a legal conclusion, therefore Defendant Coco refers to the Court and denies the same.

In the paragraph beginning "Wherefore", this paragraph contains allegations against Defendant Coco denies that Plaintiff is entitled to any of the relief requested.

<u>COUNT IV</u>
<u>Wrongful Termination</u>

(This heading calls for a legal conclusion and therefore Defendant Coco refers to the Court and denies the same).

37.  Defendant Coco incorporates and re-alleges each and every response contained herein.

38. Admitted.

39. Denied.  Plaintiff voluntarily quit her employment.  The averments of this paragraph are based on falsehoods and a poor attempt to create a cause of action that does not exist.  By way of further answer, Plaintiff, the owner of Defendant Coco Nails', Yi Ping Chen, sister's boyfriend, Qin Liang Chen, and an unidentified individual presented to the property at 322 Sheridan Avenue, Clarks Summit, Pennsylvania[2] alleging human trafficking violations against Defendant. Thereafter and proactively, Defendant contacted local law enforcement agencies only to find that no complaints had been lodged against her or her business.  To date, there has been no follow-up with any law enforcement agency, whatsoever, regarding the alleged crime of human trafficking. It is  believed and therefore averred that this entire lawsuit is an attempt by Qin Liang Chen to extort money from Defendant.   To the extent this paragraph of Plaintiff's Complaint alleges anything further or differently, Defendant Coco denies the same.

40. Denied.  See Defendant's answer to Paragraph 39.  By way of further answer, this paragraph of Plaintiff's Complaint calls for a legal conclusion,  therefore Defendant Coco refers to the Court and denies the same.

41. Denied.  See Defendant's answer to Paragraph 39.  By way of further answer, this paragraph of Plaintiff's Complaint calls for a legal conclusion,  therefore Defendant Coco refers

---

[2] This is the property where Plaintiff stayed rent free as the owner of Coco Nails paid all expenses associated thereto.

to the Court and denies the same

42. Denied.  See Defendant's answer to Paragraph 39.  By way of further answer, this paragraph of Plaintiff's Complaint calls for a legal conclusion,  therefore Defendant Coco refers to the Court and denies the same

43. Denied.  See Defendant's answer to Paragraph 39.  By way of further answer, this paragraph of Plaintiff's Complaint calls for a legal conclusion,  therefore Defendant Coco refers to the Court and denies the same

44. Denied.  See Defendant's answer to Paragraph 39.  By way of further answer, this paragraph of Plaintiff's Complaint calls for a legal conclusion,  therefore Defendant Coco refers to the Court and denies the same

45. Denied.  See Defendant's answer to Paragraph 39.  By way of further answer, this paragraph of Plaintiff's Complaint calls for a legal conclusion,  therefore Defendant Coco refers to the Court and denies the same

In the paragraph beginning "Wherefore", this paragraph contains allegations against Defendant Coco denies that Plaintiff is entitled to any of the relief requested.

<u>AFFIRMATIVE DEFENSES</u>

BY WAY OF FURTHER ANSWER and without waiving the allegations previously denied and without conceding it has the burden of proof as to any of the state defenses, Defendant Coco asserts the following affirmative defenses:

<u>FIRST AFFIRMATIVE DEFENSE</u>

Plaintiff has failed to state a claim upon which relief may be granted.

<u>SECOND AFFIRMATIVE DEFENSE</u>

Plaintiff's damages, if any, were proximately caused by or contributed to, by Plaintiff's

own actions.

### THIRD AFFIRMATIVE DEFENSE

Answering Defendant acted at all times lawfully, reasonably, prudently and in the exercise of good faith.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's claims are barred pursuant to the applicable statute of limitations, Defendant Coco claims same.

### FIFTH AFFIRMATIVE DEFENSE

No acts or omissions on Defendant Coco's part can be construed as outrageous, wanton or malicious, accordingly, Plaintiff's request for punitive damages has no place under the laws of the United States or the Commonwealth of Pennsylvania.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages, if any.

Defendant Coco reserves the right to amend its Answer to Plaintiff's Complaint by way of adding additional affirmative defenses and counterclaims, as may be warranted by discovery.

### PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant Coco prays for judgment as follows:

1. For judgment against Plaintiff, dismissing Plaintiff's claims with prejudice and without costs to Plaintiff; and

2. For such other relief as this Court deems proper, just and equitable.

Respectfully Submitted,

Matthew Slocum                          Arianne Slocum
Printed Name                            Printed Name

10

Matthew Slocum, Esquire
Atty ID # PA 89780
**The Slocum Firm, P.C.**
600 Jefferson Avenue
Scranton, PA 18510
matt@theslocumfirm.com
p:  570-209-7376
f:  570-614-2147

Arianne Slocum, Esquire
Atty ID # PA 93243
**The Slocum Firm, P.C.**
600 Jefferson Avenue
Scranton, PA  18510
arianne@theslocumfirm.com
p:  570-209-7376
f:  570-614-2147

Date  11/30/2020

THE SLOCUM FIRM, P.C.
BY:    Matthew Slocum, Esquire
        Arianne Slocum, Esquire
Attorney I.D. Nos. 89780/93243                    Attorneys for Defendant
600 Jefferson Avenue
Scranton, Pennsylvania 18510
570.209.7376/570.614.2147 (telefax)

UNITED STATES DISRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

| | | |
|---|---|---|
| CHUN YING LIN, | : | |
| Plaintiff | : | |
| | : | JURY TRIAL DEMANDED |
| vs. | : | |
| | : | NO:    3:20-CV-01509-JPW |
| ONE COCO NAILS & SPA, INC. | : | |
| Defendant | : | |
| | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## CERTIFCATE OF SERVICE

I, Matthew Slocum, Esquire, counsel for the Defendant One Coco Nails & Spa, Inc.,

hereby certify that on this date, I caused to be served a true and correct copy of the foregoing

*ANSWER TO PLAINTIFF'S COMPLAINT* upon all counsel of record via ECF as follows:

Gerald John Hanchulak
Hanchulak Law Offices PC
604 South State Street
Clarks Summit, PA 18411
*Attorney for Plaintiff*

**THE SLOCUM FIRM, PC**

Dated: November 30, 2020          By:    _____

**Matthew Slocum, Esquire**
The Slocum Firm, P.C.
410 Spruce Street, Suite 302
Scranton, PA  18509
570-209-7376
570-614-2147 (telefax)
*Attorney for Defendant*